UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COURTNEY AKINS                                           CIVIL ACTION

VERSUS                                                   NO. 22-4226

USAA GENERAL                                             SECTION M (1)
INDEMNITY COMPANY, *et al.*

## ORDER & REASONS

Before the Court is a motion to dismiss for failure to prosecute filed by defendant Garrison Property and Casualty Insurance Company ("Garrison") (incorrectly named as USAA General Indemnity Company and United States Automobile Association).[1]  The motion is set for submission on March 21, 2024.[2]  Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance March 13, 2024. Plaintiff Courtney Akins, who is proceeding *pro se*, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 22.

[2] R. Doc. 22-3. Garrison noticed the motion for submission on March 20, 2024. This Court's motion day is March 21, 2024. The Court corrected the submission date with a docket utility entry.

[3] This is an insurance coverage dispute arising out of damage that Akins's property allegedly sustained during Hurricanes Zeta and Ida. R. Doc. 1. On October 26, 2022, McClenny, Moseley & Associates, PLLC ("MMA") filed this suit on Akins's behalf. *Id.* On March 8, 2023, the Court issued an order staying all cases filed in this district by MMA. R. Doc. 10. By the end of May 2023, all MMA attorneys had withdrawn from representing Akins in this matter. R. Docs. 13; 16. On June 30, 2023, the Court wrote to Akins explaining her options to proceed and attaching a form for her to execute and return to the Court to indicate whether she had retained new counsel, intended to represent herself, or elected to dismiss the suit. R. Doc. 17. The letter warned that the case would be dismissed if Akins did not respond. The Court did not receive any indication that the letter was undeliverable. Yet, Akins never returned the form. Consequently, Akins is necessarily proceeding *pro se*, but she has taken no action in the case in the eight-plus months since the letter was sent. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, on the defendant's motion, dismiss the action (or any claim) if a plaintiff fails to prosecute. Because a *pro se* litigant is bound by the rules of court, *see EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), and Akins has failed to prosecute her case for more than eight months, Garrison's motion to dismiss is granted.

IT IS ORDERED that Garrison's motion to dismiss is GRANTED, and Akins's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 14th day of March, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE